IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| JOE N EDWARDS & | ) | Case No. 25-10704 MLH |
| GERALDINE EDWARDS, | ) | |
| Debtors. | ) | |

**TRUSTEE'S OBJECTION TO DEBTORS' MOTION FOR TRUSTEE TO RELEASE DEBTORS' VOLUNTARY BANKRUPTCY DOCUMENTATION & INFORMATION**

COMES NOW Patricia E. Hamilton, Chapter 7 Trustee (the "Trustee"), and for her Objection to Debtors' Motion for Trustee to Release Debtors' Voluntary Bankruptcy Documentation & Information ("Motion for Documents") , states:

1. Debtors filed a voluntary Chapter 7 Bankruptcy Petition on July 14, 2025 (the "Filing Date").

2. The Debtors' Section 341 meeting of creditors was scheduled for August 22, 2025, and continued to September 11, 2025, October 9, 2025, November 20, 2025, January 7, 2026, and is now scheduled for February 17, 2026, for appearances and review of the requested information.

3. Debtors have failed to appear at the initial Section 341 meeting and have failed and refused to appear at any of the continued 341 meetings.

4. The Debtors have failed to provide requested documents regarding information of possible inheritance due to both Debtors.

5. On November 17, 2025, the Trustee filed a Motion to Compel (Doc. 34) and on December 17, 2025, the Court entered its Order Granting Trustee's Motion to Compel (Doc. 40). The Court ordered the Debtors to provide the following documents within seven (7) days of entry of the Order to Compel.

a. Complete bank statements for all accounts covering the period January 1, 2025, through October 31, 2025;

b. The Vehicle Identification Number (VIN) for the 2019 Nissan Altima surrendered prior to the Filing Date;

c. A copy of the most recent account statement for Mr. Edwards' 401(k) account, and

d. A copy of any documentation regarding inheritance that either Debtor is entitled to receive on the Filing Date or at any time since the Filing Date.

6. As of the filing of this Objection, Debtors have failed to comply with the Order to Compel and failed to provide any documents or information required by the Order to Compel.

7. On January 5, 2026, Debtors filed their Motion to Dismiss based on allegations related to their prior counsel and events that happened after the Filing Date.

8. The Motion to Dismiss and the Notice were not served on all parties as required by Bankruptcy Rule 2002(a)(4).

9. The Trustee objected to the Motion to Dismiss (Doc #46) stating that the Debtors had failed to state a valid reason for dismissal of their case and a hearing on the Motion to Dismiss is scheduled for February 12, 2026. As set out in the Trustee's Objection to the Motion to Dismiss, dismissal of the case is not in the best interest of the creditors and Debtors' continual delay has been harmful to the Estate and to the creditors who are subject to the automatic stay resulting from the filing of the Debtors' voluntary petition. The Debtors have failed to appear and testify at their Section 341 meeting, so the Trustee is unable to determine if there are assets to administer in the case for the benefit of creditors. Additionally, the Debtors have failed to amend their Schedules and/or Statement of Financial Affairs to the extent amendments are necessary, as suggested by their Motion to Dismiss.

10. Upon information and belief, the Debtors have filed two prior bankruptcy cases in Kansas (98-12718, filed on June 24, 1998, and 08-10008, filed on January 22, 2008). The Debtors received their discharge in each of the prior cases.

11. Upon information and belief, the Debtors filed this bankruptcy in order to stop an eviction action. The Debtors have received the benefits of the automatic stay and a representative of the Debtors' landlord at the most recent Section 341 meeting indicated the Debtors continue to reside in the rental location and are not paying rent. The Debtors Schedules, filed on July 28, 2025, list unsecured, nonpriority debt totaling $167,127.

12. The Trustee requests the Court deny the Debtors' Motion for Documents to require the Trustee to provide information to the Debtors. It is nonsensical that the Debtors have failed and refused to comply with the Court's Order to Compel and the Bankruptcy Code requirement to appear for a Section 341 meeting and be questioned by the Trustee yet want the Trustee to provide documentation to the Debtors. It is unclear from the Motion for Documents what information or documentation the Debtors believe the Trustee has that might assist the Debtors in this case.

13. Prior to filing the Motion, the Debtors did not make a request to the Trustee for any information or documentation apparently sought in the Motion for Documents.

14. The docket reflects the Trustee's efforts to obtain the Debtors' compliance with their basic duties under the Bankruptcy Code and the Debtors' repeated failures to comply. Any issues related to their prior counsel in no way prevent them from appearing for a Section 341 meeting nor from amending their bankruptcy Schedules and Statement of Affairs, nor from providing the information required to be provided pursuant to the Court's Order to Compel.

15. The Trustee requests the Court deny the Debtors' Motion for Documents, and award the Trustee $600 in attorney fees for the Trustee's review of the Motion for Documents, review of the file and docket, and preparation of this Objection to the Motion for Documents as there is no legal or factual basis for the requested relief, and no prior request has been made to the Trustee for any records or information that might be sought by the Motion for Documents (one and one half

hours of attorney time at the rate of $400 per hour). Upon information and belief, the Motion for Documents was filed for the purpose of hindering and delaying the administration of their bankruptcy case and increasing the costs of administration to the detriment of the creditors in the case. The Trustee reserves the right to seek additional attorneys' fees related to any hearing on the Motion to Dismiss and/or the Motion for Documents.

WHEREFORE, the Trustee requests that the Court deny the Debtors' Motion for Trustee to Release Debtors' Voluntary Bankruptcy Documentation & Information, award the Trustee $600 in attorney's fees, and for such other and further relief as is just and equitable.

Respectfully submitted,

STEVENS & BRAND, LLP

*s/ Patricia E. Hamilton*

Patricia E. Hamilton KS #13263
4848 SW 21st St., Ste. 201
Topeka, KS 66604
785-408-8000 phone; 408-8003 fax
phamilton@stevensbrand.com
Counsel for the Chapter 7 Trustee

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of the Trustee's Objection to Debtors' Motion was filed electronically on January 22, 2026, with the United States Bankruptcy Court for the District of Kansas using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

Further, I certify that a copy of the Trustee's Objection to Debtors' Motion was served by U.S. Mail, first class postage prepaid and properly addressed to the following party:

Joe N. Edwards
Geraldine Edwards
PO Box 782011
Wichita, KS 67278

s/*Patricia E. Hamilton*
Patricia E. Hamilton #13263