UNITED STATES BANKRUPTCY COURT - DISTRICT OF KANSAS
401 North Main
Wichita, Kansas 67202

RE: Joe N. Edwards Jr., Debtor )
Geraldine Edwards, Debtor )
)
) Case No. 25-10704
) ***Bankruptcy Court*** ***Chapter 7***
_______________________________ )

Pursuant to Chapter 11 U. S. Bankruptcy Code,
Insolvency Act 1986 & 11 USC 324

**DEBTORS' MOTION TO REMOVE TRUSTEE FOR CAUSE**

*COME NOW*, Joe N. Edwards Jr, & Geraldine Edwards, "Debtors", known herein, move to have Patricia E. Hamilton, , Trustee removed as the case trustee of our Voluntary Chapter 7 Bankruptcy for alleged causes, which the debtors' are prepared to show:

1. In August of 2025 the trustee was made aware of concerns of false &/or inaccurate information within the "debtors" petition by the attorney and was concerned with his representation of our case & that if we moved forward would put the debtors' in the direct path of perjurying themselves. Debtors' warned the attorney and the trustee of such concerns. The actions that followed before, during and after the attorney withdrew only raised further concerns. The trustee began asking for documentation the debtors' clearly provided to their attorney at the time and the attorney who was still the debtors' attorney when the request were made for bank statements, car titles, all the documents necessary for the required "trustee review" before the 341 hearing and all apart of the "Initial Documents" in which the trustee is responsible for reviewing, the timelines &

sufficiency of the documents filed by the debtor. The trustee also must review these documents for any evidence of abuse that may provide the basis for a motion to dismiss pursuant to section 707(b) (this is to include the concerns the debtors' had along.) The Bankruptcy Code & Rules set out several different deadlines by which (the debtors' attorney) must be filed or face dismissal and for the "trustee" to imply the debtors' were attempting to "delay" the case is simply not true when in their petitions inception the attorney and the trustees failure to ask the "still debtors" attorney for any missing information before the 341 hearings (he was still the attorney when two of the six hearings were scheduled.)

2. The trustee under the "Handbook for Chapter 7 Trustees Chapter 7 of Title II of U.S. Bankruptcy Code 28 U.S.C. 586 and Supplemental Materials which is intended to establish or clarify the views of the U.S. Trustee Program on the duties owed by a Chapter 7 trustee to the debtors, creditors, other parties and the U.S. Trustees to be accountable for all duties set forth in this "Handbook" this is to include "Due Process" to the debtor. The trustee is also in this case an attorney held to the Professional Code of Ethics & Conduct had a "duty" to report those concerns to the U.S. Bankruptcy Trustees, failing to do so not only allowed the "Trustee" to use that false information to pursue the debtors, with knowledge their "Chapter 7 Petition" was flawed on the inception(prepared to show), she used it to pursue the debtors as "abusive filers" and delay dismissing their case on the basis as well as the unforeseen special circumstances that required the debtors' have qualified legal counsel with the ability to cover bankruptcy, civil litigation, and probate. All which cost money.

3. The Trustee never ordered the attorney to return all or a portion of the funds paid to him in order to assist the debtors' with new representation even after facilitating the "Motion for Withdraw."
4. The debtors' suffered unexpected family loss of two family members within one week of each other,  which appears to raise cause for keeping the debtors' bankruptcy case open even after being told that special circumstances had arisen from the death of the father of one of the debtors'. And because of these special circumstances, it would be impossible to answer any questions (see questions) by the trustee and the creditors under oath without having it possibly used against them later. Therefore, having expert legal counsel was strongly recommended under the circumstances of the probate, civil and bankruptcy matters.
5. When the former attorney withdrew from their case, the trustee continued to schedule 341 hearings. The trustee scheduled a total of six (6) 341 hearings within a five month period knowingly using a petition with "false information" and because the debtors' were unwilling to subject themselves to perjury because of the behavior displayed by the trustee not only at the 341 hearing but in the future which only appears to benefit the trustee. A Chapter 7 trustee…shall not administer an estate or an asset in an estate where the proceeds of liquidation will primarily benefit the trustee or the professionals or "unduly" delay the resolution of the case (28 U.S.C. 586.) She had a duty under "Determination & Administration of Asset Cases to review the bankruptcy schedule to make a preliminary determination…how would this be possible with false information?

6. The debtors' explained to the attorney, his assistant, the trustee and her assist, perjurying themselves was not an option in the 341 hearing, especially without legal counsel necessary under such special circumstances; so they ask the

7. trustee to set aside, postpone or dismiss their bankruptcy on grounds of not wanting to perjury themselves by answering questions without answers. After all they were under stress, emotionally and physically, planning funerals, not knowing where any information was to even present to the attorney or trustee.

8. Upon reviewing emails and affidavits, the debtors' were asking for a resolution, not for the purpose of avoiding filing but to ensure they were filing under the "right" chapter in which they would qualify and that all the information was correct according to their unforeseen special circumstances by a qualified attorney.

9. The trustee is a partner of a law firm that primarily represents businesses, not the debtors', and acts as a collection agency for those businesses they represent, which could be seen as a 'conflict of interest' according to "Appointment to the Panel of Trustees" qualifications.

10. Knowingly presenting false information to this court & failing to act is a violation and is "improperly favoring" one side against the other. Using it to pursue the debtors' with "Motions" and illegal attempts to seize exempt assets by stating the debtors' were served but was served at a knowingly wrong address (debtors verified correct address was on file) could be seen as keeping them from "objecting &/or responding" timely.

11. Scheduling unreasonably 341 hearings on false documentation, and unduly delaying, when the only one who will benefit by commissions & attorney's fees, respectfully, is her as trustee by using what is supposed to be fair and impartial practices.

12. Respectfully, the DOJ, U.S. General Accounting Office - General Government Division (B-251965) (The Honorable Jack Brooks, Chairman) stated that the "oversight and monitoring" of bankruptcy trustees is one of several areas in Justice designated as "high risk", when trustees sees only the "debtors" as the villains abusing the system (which with a closer look is not always the case with "working families), and  failing to look into complaints by debtors of those who are counsel & to be the experts, their attorneys" is not fairness, its judgment of all, not case by case with factual information.

    They classified "Trustee Fraud" as being committed when assets of bankruptcy estates are misappropriated by the trustee. The debtors' are not accusing the trustee of fraud, we would not want her to be falsely judged as "abusing the bankruptcy system" like they were but should understand not everyone in need of the system is abusing it, there are too many factors.

*Therefore*, the debtors', Joe N. Edwards Jr & Geraldine Edwards, pray to this court to be in agreement and grant our "Motion to Remove the Trustee" from our case. The debtors recognized the need for expert counsel and cannot afford to continue being pursued under duress by this trustee.

*Respectfully submitted,*

Joe N. Edwards Jr, Debtor
Geraldine Edwards, Debtor
9551E. Mt. Vernon Court
Wichita, Kansas 67207
Tele. (316) 312-5849

Mailing Address: PO Box 782011
Wichita, Kansas 67278

## **CERTIFICATE OF SERVICE**

We Joe N Edwards, Jr & Geraldine Edwards, do hereby certify that a true copy of the "Motion to Remove Trustee for Cause" on 27th day of January, 2026 by was emailed to KSBWichita_SelfRep@ksb. uscourts.gov to the following:

Patricia E. Hamilton, Case Trustee
4848 SW 21st Street, Ste. 201
Topeka, Kansas 66604
Telephone: (785) 408-8000
Chapter 7 Trustee

U.S. Bankruptcy Court
401 N. Market, Rm 167
Wichita, Kansas 67202
Tel. (316) 315-4110

Date: January 27, 2026

/s/*Joe N. Edwards Jr.*
Joe N. Edwards Jr., Debtor,*Pro se*

/s/*Geraldine Edwards, Debtor*
Geraldine Edwards, Debtor, *Pro se*