IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| JOE N. EDWARDS, JR. | ) | |
| | ) | Case No. 25-10704 |
| GERALDINE EDWARDS | ) | |
| | ) | Chapter 7 |
| *Debtors'* | ) | |
| *Pursuant to Title of the U.S. Bankruptcy Code* | ) | |

MOTION TO DISMISS VOLUNTARY BANKRUPTCY CHAPTER 7 WITHOUT PREJUDICE DUE TO TRUSTEE PROCEDURAL MISCONDUCT, MAKING FALSE STATEMENTS CONFLICT OF INTEREST & VIOLATION OF DEBTORS' DUE PROCESS & USE OF EXCESSIVE PERSUASION - 341 HEARINGS

*COMES NOW* Joe N. Edwards Jr. & Geraldine Edwards, known as "Debtors" requesting a "Motion to Dismiss Chapter 7 Bankruptcy without prejudice. The debtors' alleged Patricia E. Hamilton, known as "trustee" moving forward misrepresented the facts of the "debtors' bankruptcy petition & creditors' while having full knowledge before the appearance of the first 341 scheduled hearing.

1. Mrs. Hamilton is first a lawyer before she is a "trustee" therefore her conduct according to "The American Bar Association Model Rules of Professional Conduct Rule:

Rule 3.4 - Fairness to Opposing Party & Counsel:

(a) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall not conceal or assist another person to do any such act,

(b) falsify evidence, counsel or assist a witness to testify falsely or offer an inducement to a witness that is prohibited by law.

(c ) knowingly disobey an obligation under the rules of tribunal except for an open refusal based on an assertion that no valid obligation exists;

2. The trustee was clearly made aware that the information within the debtors' "Petition" had not been properly signed, contained inaccurate information and would ultimately cause the debtors' harm. The debtors' suffered the loss of two immediate family members and no attorney should force a party to make legal decisions, especially immediately following a death.

According to the Department of Justice & the U.S. Trustee Program website, "a bankruptcy filing may raise complex legal issues, so it is often

advisable to consult with an attorney. Attorneys help determine which chapter to file (Chapter 7 vs. 13) which property you can keep , and ensure compliance with the U.S. Bankruptcy Code and local court rules.

Even after learning of the loss of Geraldine Edwards' father, and the level of complexity had increased.This was a “voluntary” bankruptcy and had been filed less than two months.

The trustee began forcing the debtors’ to enter into 341 hearings, a total of eight (8)  with an “improper filed” petition. Filing “motions” over & over again accusing the debtors’ of delaying the bankruptcy process. When she knowingly accepted and acted on a "faulty” petition.

Due to the sudden complexity of the debtors’ circumstances an attorney was going to be their only option. She knew having an attorney would be in our best interest. She is one. But rather than grant our motion to dismiss,  she kept scheduling 341 hearings on faulty information.

The trustee never requested our former attorney return our money for lack of proper filing. Providing  the debtors’ with money to obtain another attorney as the U.S. Bankruptcy Code layout.

Rather, she continued to schedule those 341 hearings and force the debtors to make false statements to the court under oath. But based on her behavior the debtors’ knew she could use that incorrect information to proceed forward.  Causing the debtors adverse effects now and in the future.

The American Bar Association emphasizes that:

1. “turstee’” hold a strict fiduciary duty of loyalty and prudence…
2. avoid self - dealing and conflict of interest.
3. trustees’ must act in “good faith”...
4. Lawyer trustees: when attorneys serve as trustees, they are held to a high standard of care and must adhere to both fiduciary principles and professional ethics, as highlighted by resources from the ACTEC Foundation and the ABA Real Property, Trust & Estate Law Section.

According to the U. S. Bankruptcy Trustee Program, the primary duties of the trustee are to review the bankruptcy petition and related documents for accuracy.

Rule 8.4: Misconduct. It is professional misconduct for a lawyer to:

(a) Violate or attempt to violate the Rules of Professional Conduct knowingly assist or induce another to do so or do so through the acts of another.

(c ) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

(d) engaging in conduct that is prejudicial to the administration of justice.

(f) knowingly assist a judge or judicial officer in conduct that is a violation of applicant rule;

3. Under the U.S. Bankruptcy Code, "petition accuracy" is mandatory, as documents are signed under penalty of perjury. Inaccuracies can lead to dismiss cases, loss of discharge, or criminal charges for fraud. The debtors are personally responsible for ensuring all assets and creditors are listed.

(a) The debtors' made it clear on several occasions to their former attorney and trustee that their petition had major inaccuracies. And the only solution offered was for us to correct the petition ourselves. After we paid an attorney over $2000 to ensure we would receive proper counsel.

(b) The trustee before scheduling the 341 hearing must sign off on all documents. By the trustee's own

admission, she reviewed the documents.

(c) The trustee stated that the debtors were "abusers" and then changed it. How was that possible without all the documents she claimed we did not provide?

(d) The debtors' filed a motion to obtain our documents from her as trustee to see what the attorney actually provided, she "objected."

(e) The debtors' petition could serve as "evidence" should they seek further legal action. Attempting to fix the petition would break the "chain of custody" letting others off the hook for possible liability. Not touching it under the circumstances was our best option until they could secure counsel.

4. U.S. Bankruptcy Codes

(a) 11 U.S.C 521 Requires debtors to file a list of creditors, schedules of assets and liabilities, and a statement of financial affairs.

(b) 11 U.S.C. 727(a)(4)(A): Allows the court to deny a discharge if the debtor knowingly and fraudulently makes a false oath or account.

(c) 11 U.S.C. 110 Penalty for Prepares) Sets fines for non-attorney “bankruptcy petition preparers” who negligently or fraudulently prepare documents.

(d) Federal Rule of Bankruptcy Procedure 9011” Require all papers to be signed certifying that the information is accurate to the best of the debtors’ knowledge, information, and belief.

(e) 18 U.S.C. 152; Criminalizes knowingly and fraudulently concealing assets or making false declarations in a bankruptcy.

5. Impact of Inaccuracies:

(a) Non-dischargeable debts; Debts not listed due to inaccurate schedules may not be discharged. (See 341 hearing - American First Finance & Lakeview Mortgage & M & T Bank). These creditors are incorrect and could cause harm to the debtors.

(b) Dismissal/Sanctions: Mistakes can lead to the dismissal of the case.

(c) Avoided Transfers: Inaccurate disclosure of property transfers can cause the trustee to recover assets. (See 341 hearing schedule)

(d) If an error is found after filing, the debtor must file amendments to the schedules, which may require additional court fees and notifications to creditors.

6. Rule 8:4: Misconduct: It is a professional misconduct for a lawyer to:

(a) Violate or attempt to violate the Rules of Professional Code of Conduct knowingly assist or induce another to do so or do so through the acts of another.

7. The American Bar Association Association:

(a) Undue influence is influence that amounts to deception, force or coercion that destroys a person's free agency.

(b) The Statute, Welfare and Institution code 15657.70 defines "under influence" as "excessive persuasion" that causes another person to act or restrain from acting by overcoming that person's "free will" and results in inequity and requires the court to consider:

1. Vulnerability of the victim.
2. Influencer's apparent authority.
3. Actions and tactics used by the exploiter.

8. The Court Case. The essence of undue influence is the use of "excessive pressure" by a "dominant" person over a servient person resulting in the "will" of the servient person…

9. The combination of the debtors' severe mental exhaustion after the loss of their loved ones and the pressure by the trustee for information that had already been provided to their former attorney, being falsely accused of delaying the bankruptcy, and at a time the debtors' were grieving would constitute "undue influence" by the trustee.

10. Significance: This case provides foundational legal definition of undue Influence…

11. Excerpt from: Under the Influence & Written Documents In Psychological aspects and Undue Influence: The Criminal Justice Response & undue influence is the use of a person's role & power to exploit the trust & emotional and physical dependency of an older person…

12. The influencers tactics are typically subtle and involve psychological pressure…the use of the 341 hearings and the threat of contempt for not appearing.

13. Direct threats & coercion are not required and often absent (Singer, 1996, Brandl, Heisler & Stiegel, 2006)

14. National Center on State Courts, Prosecution Guide Undue Influencer focuses on the relationship between the influence and the older victim coupled with that person's opportunity and power to manipulate the vulnerable persons thoughts and actions.

15. Missouri Statute: Undue influence is usually the method by which the influencer obtains financial assets or control over the victim. Missouri includes undue influence in its crime of financial exploitation.

16. Undue influence includes, but is not limited to the improper or fraudulent use of a power of attorney, guardianship, conservatorship, or other fiduciary authority (Missouri Statutes, Section 570.145)

17. The American Bar Association indicates that “undue influence” occurs when an individual in a fiduciary capacity or other confidential relationship substitutes their own desires for that of the “influenced person’s” desires. It appears that most of the time it occurs in “probate” context.

18. IN RE: Kansas Estate of Cresto 356 P.30 831, 302 Kan. 820(2015) Undue influence is defined as “such coercion compulsion or constraint that the document makers free agency is destroyed & because the makers power of resistance has been overcome, the maker is obliged to adopt the will of another rather than exercise the maker's own.

19. Courts can use the “suspicious circumstances doctrine” as proof of undue influence:

(a) Fiduciary relationship.

(b) Suspicious circumstances when the trustee failed to act.

(c) Denied request documents (our petition).

The trustee, Patricia E. Hamilton has overreached by her  excessive persuasion use of the eight (8) 341 hearings scheduled while failing to comply with the U.S. Bankruptcy Code, that states it is “mandatory” the petition be accurate. She is using false statements of facts to obtain the debtors’ assets with the use of “improperly” filed documents. And has no legal grounds & she herself has entered inaccurate information.Documents without “qualified” signatures according to the U. S. Bankruptcy Code which requires a “wet ink” signature on initial petition. (Federal Rule of Bankruptcy Procedures 9011(b)(3) when this rule applies to the scope, to petitions, schedules, and other papers filed in a bankruptcy which she had the opportunity to have the “paid” attorney correct when she was made aware of it.

Patricia E. Hamilton has benefited from the use of an inaccurate petition which she knew before the first scheduling of a 341 hearing. And has filed a total of eight (8) 341 hearings. Now, the debtors are being forced to enter inaccurate petitions based on false statements, false facts, and no signatures, made by their former attorney. By listing incorrect creditors into this matter is a clear violation of procedural misconduct.  The

debtors have filed police reports against these creditors prior to the trustee's inaccurate filing.

Therefore, we, Joe N. Edwards Jr and Geraldine Edwards, the debtors' respectfully ask this court to dismiss the Voluntary Chapter 7  Bankruptcy on the findings of ABA professional code of conduct failure to act, improper filings, incorrect information, petition with no legal signatures,  and undue influence by abuse of power, by filing eight (8) 341 hearings.According to the U.S. Bankruptcy Codes and the Federal Rule of Bankruptcy Procedure Patricia E. Hamilton as a lawyer first and trustee second has failed to comply with the rules and ethical rules that govern her.

Respectfully,

## CERTIFICATE OF SERVICE

The undersigned hereby certify that a copy of the foregoing was filed with the Clerk of the U.S. Bankruptcy Court on 21st day of April,  2026 and shall be served by U.S. Certified Mail to the following parties:

Patrica E. Hamilton, Trustee
917 SW Topeka Blvd
Topeka, Kansas 66612
Telephone: (785) 408-8000
Email: phamilton@stevenbrand.com

Jordan Sickman, DOJ-Ust
301 N. Main Street, Ste. 1150
Wichita, Kansas 67202
Telephone: (316) 269-6637

Ileen J. Lashinsky, DOJ - Ust
230 N. 1st Ave., Ste. 204
Phoenix, AZ 85003
Telephone: (602) 682-2600

Joe N. Edwards Jr.
Geraldine Edwards, Debtors
9551 E. Mt. Vernon Court
Wichita, Kansas 67207

Mailing Address:
PO Box 782011
Wichita, Kansas 67278
Telephone: (316) 312-5849

*Joe N. Edwards Jr. //ss//*
Joe N. Edwards, Jr., Debtor

Dates: April 21, 2026

*Geraldine Edwards //ss//*
Geraldine Edwards, Debtor

Date: April 21, 2026